UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRANDON PERCELL GRAY SR.                          CIVIL ACTION

VERSUS                                                          NO. 15-1463

TED RAYMOND ET AL.                                   SECTION "R" (2)

## STAY ORDER AND REASONS

Plaintiff, Brandon Percell Gray, Sr., is a prisoner currently incarcerated in the Jefferson Parish Correctional Center ("JPCC") in Gretna, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Jefferson Parish Sheriff's Deputy Ted Raymond, the Jefferson Parish Sheriff's Office and Jefferson Parish Sheriff Newell Normand. Gray alleges that he was subjected to unconstitutionally excessive force when he was shot during his arrest on October 9, 2014, following an armed bank robbery and automobile flight from responding police, which ultimately resulted in various criminal charges against Gray. He seeks $2 million in monetary relief, criminal charges against the deputy who shot him, and the officer's discharge from employment by the sheriff's office. Record Doc. No. 1 (Complaint at ¶ V).

On September 3, 2015, I conducted a telephone conference in this matter. Participating were plaintiff pro se and Daniel Martiny, counsel for defendants. Plaintiff was sworn and testified for all purposes permitted by Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and its progeny.

## THE RECORD

In his complaint, Gray alleged that "[o]n Oct[ober] 9, 2014, although I posed no threat of life or limb to Officer Ted Raymond of the J.P.S.O. [Jefferson Parish Sheriff's Office], while I was unarmed, . . . Raymond fired multiple shots at me while running for my life, striking me twice in my right leg from behind." Record Doc. No. 1 (Complaint at p. 4, ¶ IV).

During his testimony, Gray stated that he is currently incarcerated in the JPCC awaiting trial on five counts of armed bank robbery, all of which are related to the robbery of the Iberia Bank on Barataria Boulevard in Marrero, Louisiana, on October 9, 2014, the same day that he was shot by Deputy Raymond. He stated that he is also awaiting trial on additional charges stemming from the subject Iberia Bank robbery and police shooting, including resisting arrest, aggravated battery of a police officer, aggravated assault of a police officer and aggravated flight from a police officer. The criminal charges against Gray include allegations that, after committing the bank robbery using a handgun, Gray fled the scene in a vehicle that was spotted shortly after the robbery by Deputy Raymond; that a vehicular chase ensued, ending when Gray crashed his vehicle into a home; that Gray exited the vehicle after the crash and brandished a

handgun that he pointed at Deputy Raymond, who then opened fire and struck Gray in the leg; and that Gray then attempted to flee again on foot, but was apprehended.[1]

Gray testified that he is awaiting trial currently scheduled for November 9, 2015, on all of these charges. Thus, although one of his written submissions to this court in the instant case stated that "[t]he initial charges I was arrested on were dropped," Record Doc. No. 22 at p. 2, his testimony established that none of the resisting arrest, aggravated battery of a police officer, aggravated assault of a police officer and aggravated flight from a police officer charges have been dismissed or otherwise set aside at this time. Gray confirmed during his testimony that all of the claims he asserts in this case are related to the Iberia Bank robbery and its aftermath, including his shooting by defendant Deputy Raymond, on October 9, 2014.

Gray acknowledged that he is the same Brandon Gray whose armed robbery conviction in connection with a car theft and 15-year prison sentence were the subject of a separate matter filed in this court. Brandon Gray v. Mickey Hubert, C.A. No. 01-1984. He testified, however, that he had completed his prison sentence and had satisfied all conditions of his parole in that separate matter, thus establishing that he was not on parole at the time of the current bank robbery related charges, that he is not currently

---

[1] A newspaper account of the October 9, 2014, incident giving rise to these charges against Gray is located at H. Freund, "JPSO Deputy Shoots Marrero Bank Robbery Suspect After Chase," The Times-Picayune, www.nola.com/crime/index.ss/2014/10/suspect_in_marrero (Oct. 9, 2014, updated Feb. 24, 2015).

incarcerated for any parole violation, and that his current incarceration status is pretrial detainee.

Gray stated that he was not threatening the deputy's life and did not have a gun in his hand at the time he was shot by the deputy, but instead was trying to turn himself in on the bank robbery charges. "I was hunted and shot like an animal. I didn't do anything to warrant that," he said. He described the criminal charges currently pending against him as "bogus," and he offered an alleged statement given by Deputy Raymond to a ranking officer as evidence that will support his eventual acquittal. "I'm almost certain I'll be exonerated of all the [resisting arrest, flight and officer assault and battery] charges."

## **ANALYSIS**

### I.   STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis.  28 U.S.C. § 1915A(a); Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir. 2007); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998);  Lewis v. Sec'y, DOC, No. 2:10-CV-547-FTM-29, 2013 WL 5288989, at *2 (M.D. Fla. Sept. 19, 2013), aff'd, 589 F. App'x 950 (11th Cir. 2014).

Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(b)(1); <u>Lewis</u>, 589 F. App'x at 952; <u>Thompson</u>, 213 F. App'x at 942; <u>Shakur</u>, 391 F.3d at 113; <u>Carr v. Dvorin</u>, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'"  <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).  A complaint is frivolous "if it lacks an arguable basis in law or fact." <u>Davis v. Scott</u>, 157 F.3d 1003, 1005 (5th Cir. 1998); <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  <u>Macias v. Raul A. (Unknown), Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir. 1994) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)).

The purpose of a <u>Spears</u> hearing is to dig beneath the conclusional allegations of a pro se complaint, to ascertain exactly what the prisoner alleges occurred and the legal basis of the claims.  <u>Spears</u>, 766 F.2d at 180.  "[T]he <u>Spears</u> procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." <u>Davis</u>, 157 F.3d at 1005. The information elicited at

such an evidentiary hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e).  Wilson v. Barrientos, 926 F.2d 480, 481 (5th Cir. 1991); Adams v. Hansen, 906 F.2d 192, 194 (5th Cir. 1990).  "Upon development of the actual nature of the complaint, it may also appear that no justiciable basis for a federal claim exists."  Spears, 766 F.2d at 182.

After a Spears hearing, the complaint may be dismissed as legally frivolous if it lacks an arguable basis in law, Jackson v. Vannoy, 49 F.3d 175, 176-77 (5th Cir. 1995); Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992), or "as factually frivolous only if the facts alleged are 'clearly baseless,' . . . [or] when the facts alleged rise to the level of the irrational or wholly incredible."  Id. at 270.  "'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"  Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)).

In this case, the question of whether Gray's civil rights claim may proceed or is barred or otherwise non-existent under Supreme Court precedent depends upon the outcome of the criminal charges that remain pending against him.  In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state criminal charges or confinement, which have

not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Id.</u> at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in <u>Heck</u> concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied <u>Heck</u> in cases in which the plaintiff also seeks injunctive relief.  <u>Clarke v. Stalder</u>, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

As the United States Court of Appeals for the Fifth Circuit has found in a similar case applying <u>Heck</u>, plaintiff's Section 1983 excessive force claim in the instant case necessarily implies the invalidity of his present confinement on the pending criminal charges against him for resisting arrest, aggravated battery of a police officer, aggravated

assault of a police officer and aggravated flight from a police officer.  In a case

presenting a claim similar to the one asserted by Gray in this case,

> [plaintiff] was arrested and convicted of battery of an officer.  In Louisiana,
> self-defense is a justification defense to the crime of battery of an officer.
> To make out a justification defense, the criminal defendant charged with
> battery of an officer must show that his use of force against an officer was
> both reasonable and necessary to prevent a forcible offense against himself.
> Because self-defense is a justification defense to the crime of battery of an
> officer, [plaintiff's] claim that [the officers] . . . used excessive force while
> apprehending him, if proved, necessarily would imply the invalidity of his
> arrest and conviction for battery of an officer.  This is true because the
> question <u>whether the police applied reasonable force in arresting him
> depends in part on the degree of his resistance, which in turn will place in
> issue whether his resistance (the basis of his conviction for assaulting a
> police officer) was justified, which, if it were, necessarily undermines that
> conviction</u>.

<u>Hudson v. Hughes</u>, 98 F.3d 868, 873 (5th Cir. 1996) (citations omitted) (emphasis

added).  The instant case is similar and Gray's claims are clearly connected to the validity

of his confinement for resisting arrest by force.  <u>Heck</u>, 512 U.S. at 479; <u>Arnold v. Town

of Slaughter</u>, No. 03-30941, 2004 WL 1336637, at *3-4 (5th Cir. June 14, 2004); <u>Hainze

v. Richards</u>, 207 F.3d 795, 799 (5th Cir. 2000); <u>Boyd v. Biggers</u>, 31 F.3d 279, 283 (5th

Cir. 1994).

However, while Gray's confinement has <u>not</u> been set aside, Gray has <u>not</u> yet been

convicted.  On one hand, Gray's Section 1983 claim of excessive force in this court must

fail if he is convicted because it would necessarily impugn the validity of any conviction

and sentence for resisting arrest, aggravated battery of a police officer, aggravated assault

of a police officer and aggravated flight from a police officer.  On the other hand, the case may proceed if Gray is acquitted or these charges against him are dismissed.

Under these circumstances, courts in the Fifth Circuit, citing Supreme Court precedent, have clearly held that a stay of the civil case – rather than its dismissal – pending resolution of the related criminal charges is the appropriate course of action. DeLeon v. City of Corpus Christi, 488 F.3d 649, 655 (5th Cir. 2007)(citing Wallace v. Kato, 549nU.S. 384, 127 S.Ct. 1091, 1098 (2007)); McCollom v. City of Kemp, Texas, C.A. No. 3:14-CV-1488-B, 20214 WL 6085289 (N.D. Tx. Nov. 14, 2014).  A magistrate judge has authority to issue such a stay order, where the order is not dispositive, merely suspends the proceedings and does not result in an absolute denial of ultimate relief. Virgin Islands Water and Power Authority v. General Electric Int'l Inc., 561 Fed. Appx. 131 (3d Cir. 2014); Securities and Exchange Comm'n v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013); Powershare, Inc. v. Syntel, Inc., 597 F.3d 10, 14 (1st Cir. 2010).

For all of the foregoing reasons, IT IS ORDERED that the captioned matter is hereby STAYED and CLOSED for all administrative and statistical purposes.

Plaintiff Brandon Percell Gray is hereby specifically instructed that, contrary to the discussion with the court during the September 3, 2015 conference, this case is not being dismissed at this time.  Instead, Gray's civil case in this court is merely being

suspended pending the conclusion of the criminal charges against him.  Accordingly, IT IS FURTHER ORDERED that Gray may request that this matter be reopened for further proceedings, but only when the pending charges against him of resisting arrest, aggravated battery of a police officer, aggravated assault of a police officer and aggravated flight from a police officer are dismissed or otherwise set aside, by notifying this court of his acquittal or the dismissal of these charges in writing.

IT IS FURTHER ORDERED that, if Gray is convicted of any of the pending charges of resisting arrest, aggravated battery of a police officer, aggravated assault of a police officer and aggravated flight from a police officer, defense counsel must file a motion to dismiss this case with prejudice to being asserted again until the Heck conditions are met, as provided in Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

New Orleans, Louisiana, this ____14th____ day of September, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. SARAH S. VANCE**

10