UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRANDON PERCELL GRAY SR.                               CIVIL ACTION

VERSUS                                                 NO. 15-1463

TED RAYMOND ET AL.                                     SECTION "R" (2)

**REPORT AND RECOMMENDATION;**
**ORDER AND REASONS ON MOTION**

Plaintiff, Brandon Percell Gray, Sr., is a prisoner currently incarcerated in the Raymond Laborde Correctional Center in Cottonport, Louisiana. On April 30, 2015, Gray filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Jefferson Parish Sheriff's Deputy Ted Raymond, the Jefferson Parish Sheriff's Office and Jefferson Parish Sheriff Newell Normand. Gray's complaint alleged that he was subjected to unconstitutionally excessive force when he was shot during his arrest on October 9, 2014, following an armed bank robbery and automobile flight from responding police, all of which ultimately resulted in various criminal charges against Gray. Record Doc. No. 1 (Complaint).

I.   The Record

On September 3, 2015, I conducted a telephone conference in this matter. Participating were plaintiff pro se and Daniel Martiny, counsel for defendants. Plaintiff was sworn and testified for all purposes permitted by Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and its progeny. Gray's Spears testimony established that the pending

criminal charges against him included not only five counts of armed bank robbery but also resisting arrest, aggravated battery of a police officer, aggravated assault of a police officer and aggravated flight from a police officer.

At the time of the Spears hearing, Gray's confinement in jail had not been set aside, but he had also not yet been convicted. For the reasons detailed in my previous stay order, Record Doc. No. 26, and reiterated below, this circumstance was problematic. On one hand, Gray's Section 1983 claim of excessive force in this court must fail if he was convicted because it would necessarily impugn the validity of any conviction and sentence for resisting arrest, aggravated battery of a police officer, aggravated assault of a police officer and aggravated flight from a police officer. On the other hand, Gray's Section 1983 case could proceed if Gray was acquitted or if the charges against him were dismissed.

Under similar circumstances, courts in the Fifth Circuit, citing Supreme Court precedent, had clearly held that a stay of the civil case – rather than its dismissal – pending resolution of the related criminal charges is the appropriate course of action. DeLeon v. City of Corpus Christi, 488 F.3d 649, 655 (5th Cir. 2007)(citing Wallace v. Kato, 549nU.S. 384, 127 S.Ct. 1091, 1098 (2007)); McCollom v. City of Kemp, Texas, C.A. No. 3:14-CV-1488-B, 20214 WL 6085289 (N.D. Tx. Nov. 14, 2014). A magistrate judge has authority to issue such a stay order, where the order is not dispositive, merely suspends the proceedings and does not result in an absolute denial of ultimate relief.

Virgin Islands Water and Power Authority v. General Electric Int'l Inc., 561 Fed. Appx. 131 (3d Cir. 2014); Securities and Exchange Comm'n v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013); Powershare, Inc. v. Syntel, Inc., 597 F.3d 10, 14 (1st Cir. 2010). Accordingly, on September 14, 2015, I entered an order staying this case and closing it for administrative and statistical purposes. Record Doc. No. 26. The stay order instructed both sides to notify the court when the pending charges against Gray of resisting arrest, aggravated battery of a police officer, aggravated assault of a police officer and aggravated flight from a police officer were adjudicated.

On January 20, 2017, the court received plaintiff's letter advising that he "was convicted on all charges [and] sentenced" and that "I'm on direct appeal attacking the conviction in its entirety." Record Doc. No. 27. His letter asks: "[D]oes the stay order get lifted now, or . . . after the appeal process in the criminal matter is concluded?" Id. at p. 2. Gray's letter also alleges that he was returned to Jefferson Parish from the Elaine Hunt Correctional Center on December 9 or 12, 2016, for a court appearance,[1] at which time "I was assaulted twice [and] threatened by Officer Ted Raymond," the defendant in his original suit, who was "trying to force me to drop the civil law suite (sic)." Id. at p. 2. Gray alleges that Raymond threatened, "if I don't drop it [the lawsuit] by the time I come back to Jefferson Parish he was gonna kick me out of my wheelchair [and] finish what he started." Id. Gray's letter seeks a restraining order protecting him from

---

[1] Gray's letter erroneously gives this date as December 12, 2017.

3

Raymond. In addition, Gray alleges that he has now learned the name of a Jefferson Parish Sheriff's Office detective who "assaulted me, falsified official reports, committed perjury, malfeasance in office, coercion etc. . . . to get me convicted of the bogus charges . . ." Id. at p. 3. The letter requests leave to "supplement my civil action case against" this detective and that the "court allow me to add this to my civil case." Id.

The court must construe this pro se written submission broadly[2] as both a motion to lift the previously imposed stay and a motion to amend Gray's complaint to add new claims against both Raymond for the alleged December 2016 threats and against the detective for the actions allegedly taken in connection with the charges for which he was ultimately convicted.

For the following reasons, I recommend that Gray's motion to lift the stay be GRANTED, but only for the limited purpose of dismissing his complaint with prejudice, and that his motion to amend be DENIED.

II.   Motion to Lift Stay: Recommendation to Dismiss

In his original complaint, Gray alleged that "[o]n Oct[ober] 9, 2014, although I posed no threat of life or limb to Officer Ted Raymond of the J.P.S.O. [Jefferson Parish Sheriff's Office], while I was unarmed, . . . Raymond fired multiple shots at me while

---

[2] The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

running for my life, striking me twice in my right leg from behind." Record Doc. No. 1 (Complaint at p. 4, ¶ IV).

During his Spears testimony, Gray stated that he was incarcerated at that time in the Jefferson Parish Correctional Center ("JPCC") awaiting trial on five counts of armed bank robbery, all of which were related to the robbery of Iberia Bank on Barataria Boulevard in Marrero, Louisiana, on October 9, 2014, the same day that he was shot by Deputy Raymond. He stated that he was then also awaiting trial on additional charges stemming from the subject Iberia Bank robbery and police shooting, including resisting arrest, aggravated battery of a police officer, aggravated assault of a police officer and aggravated flight from a police officer. The then-pending criminal charges against Gray included allegations that, after committing the bank robbery using a handgun, Gray fled the scene in a vehicle that was spotted shortly after the robbery by Deputy Raymond; that a vehicular chase ensued, ending when Gray crashed his vehicle into a home; that Gray exited the vehicle after the crash and brandished a handgun that he pointed at Deputy Raymond, who then opened fire and struck Gray in the leg; and that Gray then attempted to flee again on foot, but was apprehended.[3]

---

[3] A newspaper account of the October 9, 2014, incident giving rise to these charges against Gray is located at H. Freund, "JPSO Deputy Shoots Marrero Bank Robbery Suspect After Chase," The Times-Picayune, www.nola.com/crime/index.ss/2014/10/suspect_in_marrero (Oct. 9, 2014, updated Feb. 24, 2015).

Complaints by prisoners must be dismissed if they are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Lewis, 589 F. App'x at 952; Thompson, 213 F. App'x at 942; Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

As noted above, it was clear at the time of the Spears hearing that the question of whether Gray's civil rights claim could then proceed or was barred under Supreme Court precedent depended upon the outcome of the criminal charges that then remained pending against him. Specifically, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state criminal charges or confinement, which have not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Id.</u> at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in <u>Heck</u> concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied <u>Heck</u> in cases in which the plaintiff also seeks injunctive relief. <u>Clarke v. Stalder</u>, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Plaintiff's recent letter to the court now has confirmed that he was convicted on <u>all</u> charges. As the United States Court of Appeals for the Fifth Circuit has found in a similar case applying <u>Heck</u>, plaintiff's Section 1983 excessive force claim in the instant case necessarily implies the invalidity of his conviction and present confinement on the criminal charges of resisting arrest, aggravated battery of a police officer, aggravated assault of a police officer and aggravated flight from a police officer, as to all of which he has been convicted. In a case presenting a claim similar to the one asserted by Gray in this case,

7

> [plaintiff] was arrested and convicted of battery of an officer. In Louisiana, self-defense is a justification defense to the crime of battery of an officer. To make out a justification defense, the criminal defendant charged with battery of an officer must show that his use of force against an officer was both reasonable and necessary to prevent a forcible offense against himself. Because self-defense is a justification defense to the crime of battery of an officer, [plaintiff's] claim that [the officers] . . . used excessive force while apprehending him, if proved, necessarily would imply the invalidity of his arrest and conviction for battery of an officer. This is true because the question <u>whether the police applied reasonable force in arresting him depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction</u>.

Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996) (citations omitted) (emphasis added). Like plaintiff's claims in Hudson, Gray's claims are clearly connected to the validity of his convictions for resisting arrest, aggravated battery of a police officer, aggravated assault of a police officer and aggravated flight from a police officer. Heck, 512 U.S. at 479; Arnold v. Town of Slaughter, No. 03-30941, 2004 WL 1336637, at *3-4 (5th Cir. June 14, 2004); Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). Accordingly, the claims asserted by Gray in his original complaint must now be dismissed, and the stay should be lifted for that purpose only. As provided in Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996), dismissal of this case is with prejudice to being asserted again until the Heck conditions are met; for example, if the convictions are later set aside on appeal.

III.    Motion to Amend Denied

As noted above, Gray's letter, construed broadly, must also be considered as a motion to amend his original complaint to assert two additional kinds of claims: (1) a new claim against the original defendant, Deputy Raymond, based on a separate incident that occurred on December 12, 2016, in which Raymond allegedly threatened to kick Gray out of his wheelchair if he did not drop this lawsuit; and (2) a new claim against a Jefferson Parish Sheriff's Detective, who allegedly coerced Gray, falsified records and committed malfeasance in connection with the bank robbery and other charges of which Gray has been convicted.

The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597-98 (5th Cir. 1981)). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2); however, such leave "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include

"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.

Undue prejudice may occur "if an added claim would require the defendant to . . . prepare a defense for a claim different from the [one] . . . that was before the court." Smith v. EMC Corp., 393 F.3d 590, 596 (5th Cir. 2004). See Mayeaux v. La. Health Serv. & Indem. Co., 376 F.3d 420, 427 (5th Cir. 2004) (distinguishing between amendments that propose alternative legal theories of recovery, which "generally should be permitted," and those that "fundamentally alter the nature of the case," which "may be denied if the circumstances warrant;" and finding no abuse of discretion in denial of amendment that would have unduly prejudiced the original and proposed new defendants by allowing plaintiffs to plead "a fundamentally different case with new causes of action and different parties").

Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted. . . . [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." Stripling, 234 F.3d at 873 (quotations and citations omitted); accord Fenghui Fan v. Brewer, 377 F. App'x 366, 367 (5th Cir. 2010). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"

In Re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)) (footnote omitted).

Applying these standards, Gray's motion to amend must be denied because his proposed amendments both would result in undue prejudice and are futile. The asserted claims are entirely different and distinct from those originally asserted. The new claim against Deputy Raymond involves an entirely different incident and type of legal assertion, factually separate and distinct from the incident and excessive force claim on which the original complaint was based. The proposed new defendant, unnamed in this submission, was not included in the original lawsuit.

More importantly, both claims are futile. For the same reasons discussed above, Gray's claims that coercion, falsified reports, perjury and malfeasance by the unnamed Jefferson Parish Sheriff's Office detective played some role in his conviction on the various criminal charges "would necessarily imply the invalidity of his conviction." Heck, 512 U.S. at 487. Therefore, it is barred by Heck and its progeny and fails to state a cognizable legal claim against the detective actionable under Section 1983.

His claims of "assault" and threats against him by both the detective and Deputy Raymond fail to state a claim of violation of his constitutional rights upon which any relief might be granted. "Assault" by its legal definition is "intentional placing of another in reasonable apprehension of receiving a battery." La. Rev. Stat. §14:36. It is not battery. By its nature, "assault" involves threats, present ability to carry out threats

and reasonable apprehension of harmful or offensive contact. Groff v. Southwest Beverage Co., Inc., 997 So.2d 782, 787 (La. App. 3d Cir. 2008).

Verbal threats by law enforcement officers do not rise to the level of a constitutional violation. Field v. Corr. Corp., 364 F. App'x 927, 930 (5th Cir. 2010) (citing Robertson v. Plano City, 70 F.3d 21, 24 (5th Cir. 1995)); Matthews v. Graham, 235 F.3d 1339, 2000 WL 1672660, at *1 (5th Cir. 2000) (citing McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983)); see Brand v. Hamilton, No. 3:10CV377 LAC MD, 2010 WL 4973358, at *4-5 (N.D. Fla. Oct. 27, 2010), report & recommendation adopted, 2010 WL 4955400 (N.D. Fla. Dec. 1, 2010) (pretrial detainee's claim that officer verbally threatened him with physical assault not cognizable under section 1983) (citing McFadden, 713 F.2d at 146; Evans v. City of Zebulon, 351 F.3d 485, 495-96 (11th Cir. 2003), vacated, 364 F.3d 1298 (11th Cir. 2004), rehearing en banc granted on other grounds sub nom. Evans v. Stephens, 407 F.3d 1272 (11th Cir. 2005); Bender v. Brumley, 1 F.3d 271, 274 (5th Cir. 1993)) (additional citations omitted). "Verbal harassment and abusive language, while unprofessional and inexcusable, are simply not sufficient to state a constitutional claim under 42 U.S.C. § 1983." Slagel v. Shell Oil Ref., 811 F. Supp. 378, 382 (C.D. Ill. 1993), aff'd, 23 F.3d 410 (7th Cir. 1994) (quotation and citation omitted). Thus, plaintiff's allegations of threats against him by the officers do not rise to the level of a constitutional violation, and they fail to state a claim upon which relief may be granted.

Similarly, to whatever extent, if any, that Gray seeks to assert a retaliation claim against Raymond for attempting to coerce him into dismissing this lawsuit, his allegations are futile because they do not state a Section 1983 claim on which relief might be granted. It is correct that prison officials may not retaliate against a prisoner for exercising his First Amendment rights of access to the courts. Morris v. Powell, 449 F.3d 682, 684 (5th Cir. 2006); Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995). However, the Fifth Circuit warned that "trial courts must carefully scrutinize these claims." Woods, 60 F.3d at 1166.

> To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred. This places a significant burden on the inmate . . . .

Id.

Gray's letter appears to assert two alleged violations of his constitutional rights. However, as discussed above, there is no constitutional right to be protected from mere verbal threats. As to the second right, the First Amendment right of access to the courts, the Supreme Court has made clear in Lewis v. Casey, 518 U.S. 343 (1996), that an inmate must establish actual injury to state a claim for denial of his right of access to the courts. Id. at 349-50. Such actual injury requires a showing of actual legal prejudice to his position as a litigant caused by an action or omission of the defendants. "[C]ausation is an element of a section 1983 claim; [defendants'] actions must have actually caused the deprivation . . . of which [plaintiff] complains." Hart v. O'Brien, 127 F.3d 424, 446 (5th

13

Cir. 1997), abrogated in part on other grounds as recognized in Spivey v. Robertson, 197 F.3d 772 (5th Cir. 1999); accord Brown v. Bryan Cnty., 219 F.3d 450, 457 (5th Cir. 2000).

Gray has fully pursued his civil action in this court. No act or omission by defendant has caused actual prejudice to his position as a litigant or otherwise affected his First Amendment rights. Instead, it is the Supreme Court precedent in Heck and its progeny that mandates the dismissal of this case. Accordingly, any retaliation claim is legally frivolous and fails to state a claim upon which relief can be granted under Section 1983.

Thus, the new claims Gray seeks to assert are futile, and permitting his proposed amendment to assert them must be DENIED.

## ORDER ON MOTION TO AMEND; RECOMMENDATION

For all of the foregoing reasons, **IT IS ORDERED** that plaintiff's motion to amend is DENIED.

**IT IS RECOMMENDED** that the previously imposed stay be LIFTED, but only so that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 can simultaneously be **DISMISSED WITH PREJUDICE** under Heck.

\* \* \*

A party's failure to file written objections to this order and/or the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[4]

        New Orleans, Louisiana, this ___6th___ day of February, 2017.

                                  JOSEPH C. WILKINSON, JR.
                              UNITED STATES MAGISTRATE JUDGE

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.